IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELLIS KEMPF,               )
                           )
       Plaintiff,          )          2:15-cv-14227
                           )
   v.                      )
                           )
THE MICHIGAN HIGH SCHOOL   )
ATHLETIC ASSOCIATION,      )
                           )
       Defendant.          )
_____/

NYMAN TURKISH PC
Jason M. Turkish, Michigan Bar # P76310
Ryan T. Kaiser, Michigan Bar # P79491
Melissa M. Nyman, California Bar #293207
20700 Civic Center Drive, Suite 115
Southfield, MI 48076
Phone: (248) 284-2480
Fax: (248) 262-5024
Jason.Turkish@NymanTurkish.com
Ryan.Kaiser@NymanTurkish.com
Melissa.Nyman@NymanTurkish.com

*Attorneys for Plaintiff Ellis Kempf*

_____



# COMPLAINT

Plaintiff Ellis Kempf hereby sues the Michigan High School Athletic Association, and states as follows:

## INTRODUCTION

1. Plaintiff Ellis Kempf ("Plaintiff"), brings this cause of action to end Defendant Michigan High School Athletic Association's ("Defendant MHSAA") continued violations of the Americans with Disabilities Act of 1990 ("ADA"), Section 504 of the Rehabilitation Act of 1973, and the Michigan Persons with Disabilities Civil Rights

Act, for their refusal to allow him the use of a sign language interpreter during MHSAA sanctioned events.

2. Plaintiff asks for nothing more than an opportunity to compete safely and on a level-playing field with other athletes by allowing his sign language interpreter to stay ring-side during MHSAA sponsored wrestling matches, but is unable to do so due to the actions of Defendant.

3. Defendant continues to discriminate against Plaintiff, a deaf teenager, by inexplicably refusing to allow him to have a sign language interpreter, who is provided by Plaintiff's school district, ring-side during MHSAA sponsored wrestling matches, which poses serious safety concerns, and discriminates against Plaintiff.

4. Plaintiff and his parents have worked tirelessly to resolve this situation, but have been met with resistance and disrespect by officials of Defendant MHSAA, and now seek vindication through the Federal Courts.

5. Defendant's conduct is contrary to their stated purpose provided in their articles of incorporation, "giving the opportunity to participate in athletics designed to meet the needs and abilities of all."

6. By ignoring the needs and dignity of Plaintiff, and those similarly situated, Defendant has treated him as a second-class citizen, unfairly and unjustly ignoring his basic rights to equality and dignity, and placing him in a position where he is unreasonably at risk of serious injury. Accordingly, Plaintiff seeks declaratory relief stating that Defendant's actions violate the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the Michigan Persons with Disabilities Civil Rights Act ("PWDA"), and injunctive



NYMAN TURKISH pc
20700 Civic Center Dr.
Suite 115
Southfield, MI 48076
P: (248) 284-2480

relief requiring Defendant to allow Plaintiff to position his sign language interpreter ring-side during MHSAA sponsored matches.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, because Plaintiff's claims arise under federal statutes, specifically, Titles II and V of the Americans with Disabilities Act of 1990 and Section 504 of the Rehabilitation Act of 1973. In addition, the Court has jurisdiction over Plaintiff's claims for declaratory relief pursuant to 28 U.S.C. §§ 2201-02 and jurisdiction over Plaintiff's claims for injunctive relief pursuant to 15 U.S.C. § 1116.

8. This Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367, as the claim arises from the same set of operative facts.

9. Venue is proper in the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C. § 1391, because a substantial part of the events, acts, and omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

10. Plaintiff Ellis Kempf is an eighteen-year-old senior at Royal Oak High School, who at thirteen months old had bacterial meningitis, and subsequently was diagnosed as deaf at his two-year checkup.

    a. Plaintiff has overcome immense challenges, learning various techniques to communicate including American Sign Language ("ASL").

    b. At the age of five, Plaintiff underwent successful cochlear implant surgery, which restored some, but not all, of his hearing, and allowed him to begin communicating verbally for the first time.



    c. Unfortunately, due to safety concerns, Plaintiff cannot wear the external component of his cochlear implant during contact sporting events, rendering him totally deaf when he participates in wrestling at his high school.

    d. Despite the fact that Plaintiff has absolutely no ability to hear during sporting events, Defendant MHSAA has continued to discriminate against him by not allowing his sign language interpreter, provided by his local school district, to be stationed ring-side during MHSAA sponsored events. This conduct puts Plaintiff at significant risk of injury, as well as a competitive disadvantage.

11. Plaintiff has standing to bring the present cause of action, as he is a qualified individual with a disability.

    a. Plaintiff is physically disabled according to the definition provided by the ADA because he suffers from a "physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102.

    b. Plaintiff is physically disabled according to the definition provided by the Rehabilitation Act of 1973 because he suffers from a physical impairment that results "in a substantial impediment to employment." 29 U.S.C. § 705(20(A)(i).

    c. Plaintiff is physically disabled according to the definition provided by the Michigan Persons with Disabilities Civil Rights Act because he suffers from a "determinable physical or mental characteristic," which limits him in several "major life activities." MCL 37.1103(d).

    d. Plaintiff has repeatedly requested reasonable accommodation from Defendant at MHSAA sponsored events, which Defendant has denied without demonstrating that granting the requested accommodation would burden them in any way.


NYMAN TURKISH pc
20700 Civic Center Dr.
Suite 115
Southfield, MI 48076
P: (248) 284-2480

12. Defendant MHSAA is a non-profit association of schools in Michigan. Defendant operates as a joint enterprise of the schools involved, and is charged with setting standards and overseeing competition in Michigan High School interscholastic sporting events. In addition, Defendant MHSAA sponsors its own tournaments and competitions. Defendant MHSAA controls all aspects and rule-making of these sponsored events.

   a. Defendant MHSAA membership is overwhelmingly comprised of public schools.

   b. While individual schools oversee sporting events held between themselves and other schools, Defendant MHSAA exercises total control over MHSAA sponsored events, including postseason competition, and it is at these events that Plaintiff has not been allowed to position his sign language interpreter ring-side.

## FACTUAL ALLEGATIONS

13. Plaintiff, despite his disability, began playing sports at age five.

14. Plaintiff is not able to use his cochlear implant during contact sports, such as wrestling and football, rendering him totally deaf during these events.

15. Even while playing non-contact sports, such as soccer, Plaintiff finds it much more efficient to communicate through sign language.

16. Plaintiff first broke into contact sports when he asked his father if he could play football.

17. Plaintiff played football for the Royal Oak Chiefs, a local youth football team, for eight years. His final year with the Chiefs, Plaintiff was selected Captain, and was voted "Chief of the Year," a prestigious award selected by the team's coaches.



18. Plaintiff continued to play football in high school, playing on his high school's varsity squad for three years. He was voted OAA Blue Division Honorable Mention his senior year.

19. Plaintiff has also been a member of his school's wrestling team since the seventh grade. He was recently elected team captain.

20. Plaintiff has excelled at wrestling during non-MHSAA sanctioned events, however, the discriminatory practices of the MHSAA have hindered his ability to compete at the highest levels.

    a. In a practical sense, not being able to communicate prevents Plaintiff from receiving advice from his coaches throughout the match. These disadvantages became more magnified as Plaintiff grew older, and found more of a need for technical instruction in order to succeed.

    b. Plaintiff, unlike other wrestlers, also cannot hear his coach call out the amount of time remaining in a match, which puts him at a significant competitive disadvantage.

    c. The inability to communicate, particularly in a contact sport like wrestling, also presents serious safety concerns.

    d. On several occasions, Plaintiff has stopped wrestling, believing the match to be over because he cannot hear a whistle, and he was taken down by the opposing wrestler.

    e. The inability to communicate also presents the possibility that Plaintiff will continue to wrestle after the match has ended, which could result in injuring himself, or accidentally injuring another wrestler.



NYMAN TURKISH PC
20700 Civic Center Dr.
Suite 115
Southfield, MI 48076
P: (248) 284-2480

    f.   During one match, when Plaintiff did not have the benefit of a ring-side interpreter, Plaintiff was unable to hear the whistle that signaled the beginning of the match. He was hit by the other wrestler so hard that both went flying out of the ring and into the nearby bleachers.

    g.   The threat of injury is particularly serious during an "up-down" start, whereby the wrestlers must immediately react to the blowing of a whistle, something that is clearly impossible for Plaintiff without a sign language interpreter.

21. During his junior year of high school, Plaintiff's school began to provide him with an interpreter for wrestling matches and practices. The interpreter was provided through DEAF CAN, an organization committed to providing opportunity to deaf individuals.

22. Plaintiff's performance improved as a result of the interpreter, as he was able to communicate with his coach, via an intermediary, receiving recommendations on moves to use and time remaining—and for the first time—putting him on a level-playing field with the other wrestlers.

23. Furthermore, the presence of the interpreter eased the safety concerns faced by Plaintiff, as he could get clear indications of when the match begins and ends, and he could be given periodic time updates, to ensure he did not wrestle past the final whistle.

    a.   Communicating in this way is impossible for Plaintiff's coaches, as they are not trained in ASL, and during matches are required to stay in an area well away from the mat where Plaintiff cannot easily see them.

24. At dual matches hosted by Plaintiff's high school, the interpreter was allowed to be immediately ring-side, ensuring she could stay in Plaintiff's line of sight at all times.

25. During these matches nobody ever complained about the presence of the interpreter.



NYMAN TURKISH PC
20700 Civic Center Dr.
Suite 115
Southfield, MI 48076
P: (248) 284-2480

26. Inexplicably, when Plaintiff went to the first MHSAA sponsored event of his junior year, an event completely overseen and controlled by Defendant, Defendant, via their head official, informed Plaintiff that his interpreter would not be allowed ring-side, but would have to sit well off the mat in the area normally occupied by coaches.

    a. Plaintiff was targeted by the "head referee" for Defendant MHSAA. This referee informed him that he would not be able to position his sign language interpreter ring-side. This same official then took it upon himself to inform other referees, MHSAA officials, and opposing coaches that Plaintiff should not be allowed to position his sign language interpreter ring-side.

    b. This practice, forcing the interpreter to stay far away from the mat, completely negates the interpreter's usefulness, as Plaintiff is not able to see her.

    c. This situation presents serious safety issues, as Plaintiff is completely cut off from any and all communication during wrestling matches, placing himself and other wrestlers at risk of injury.

27. This conduct continued throughout Plaintiff's junior year, whereby he was not allowed to have his interpreter ring-side at any MHSAA sponsored events, with Defendant providing little or no explanation to Plaintiff or his family.

28. Plaintiff has been able to station his interpreter ring-side at non-MHSAA sponsored events without incident or protest. These events are controlled by his local school district, who provides his interpreter—as opposed to events sponsored by Defendant—who has been completely unwilling to grant the requested accommodation.

29. Plaintiff and his family attempted to resolve this issue with Defendant, explaining Plaintiff's disability and the need for the sign language interpreter.



NT NYMAN TURKISH pc
20700 Civic Center Dr.
Suite 115
Southfield, MI 48076
P: (248) 284-2480

30. Plaintiff was met with hostile resistance by Defendant, who has failed to appreciate the seriousness of the situation.

31. Plaintiff's mother spoke to Defendant MHSAA officials throughout Plaintiff's junior year, and each time she was treated poorly, and her concerns were summarily dismissed without explanation.

32. The 2015-2016 wrestling season has begun, with the first MHSAA sponsored event fast approaching. Plaintiff simply asks that Defendant grant the reasonable accommodation he requested.

## COUNT I

### VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT OF 1973.

33. Plaintiff incorporates by reference all of the allegations set forth in paragraphs 1 through 32, inclusively.

34. Section 504 of the Rehabilitation Act states in pertinent part that "no otherwise qualified individual with a disability in the United States, as defined in section 7(20), shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance…" 29 U.S.C. § 794(a).

35. Defendant receives federal financial assistance, as a result of its members ceding authority over interscholastic athletics in the State of Michigan to Defendant. Members of Defendant organization are largely public schools who receive federal funding.

36. Plaintiff is a qualified individual with a disability for purposes of Section 504 because he suffers from a "physical or mental impairment which for such individual constitutes or results in substantial impediment to employment." 29 U.S.C. § 705(A)(i).



NYMAN TURKISH pc
20700 Civic Center Dr.
Suite 115
Southfield, MI 48076
P: (248) 284-2480

37. Plaintiff requested a reasonable accommodation in the form of having his sign language interpreter stationed ring-side during MHSAA sponsored wrestling matches, in order to ensure his safety and to place him on a level playing field with other competitors.

38. Defendant denied Plaintiff's request for accommodation, with minimal explanation, and in so doing failed to demonstrate that granting the accommodation will harm it in any way.

39. In fact, granting the requested accommodation will promote safety at MHSAA sponsored events, and it will also promote an environment of inclusion and fair competition.

40. Defendant has failed to demonstrate that granting the accommodation will harm it in any way.

41. In addition to serious safety concerns, Defendant's actions have harmed Plaintiff, and those similarly situated, and denied them equal opportunity, and equal enjoyment of MHSAA sponsored events.

42. Defendant's actions have caused irreparable harm, and an injunction ordering Defendant to allow Plaintiff to station his sign language interpreter ring-side during MHSAA sponsored events is necessary because Plaintiff does not have an adequate remedy at law.

## COUNT II

### VIOLATIONS OF TITLE II OF THE ADA.

43. Plaintiff incorporates by reference all of the allegations set forth in paragraphs 1 through 42, inclusively.



NYMAN TURKISH PC
20700 Civic Center Dr.
Suite 115
Southfield, MI 48076
P: (248) 284-2480

44. In enacting the ADA, Congress expressly determined that society tends to isolate and segregate people with disabilities; that individuals with disabilities continually encounter prejudice and discrimination, including outright exclusion and the failure to eliminate exclusionary criteria; that this nation should assure equality of opportunity for all participation, independent living, and economic self-sufficiency to individuals with disabilities; and that continuing discrimination impedes them from competing on an equal basis and pursuing opportunities available to other citizens. 42 U.S.C. § 12101(a).

45. The express purpose of the ADA is "to provide a clear and comprehensive national mandate for eliminating discrimination against individuals with disabilities; to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and to ensure that the federal government plays a central role in enforcing the standards established in the ACT on behalf of individuals with disabilities." 42 U.S.C. § 12101(b).

46. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

47. Plaintiff is an individual who constitutes a "qualified individual with a disability" for purposes of the ADA.

48. Defendant is subject to Title II of the ADA, as it acts as the governing body for interscholastic athletic competition in the State of Michigan, and its membership is overwhelmingly comprised of public schools, who are subject to Title II.



NYMAN TURKISH pc
20700 Civic Center Dr.
Suite 115
Southfield, MI 48076
P: (248) 284-2480

49. Plaintiff requested a reasonable accommodation in the form of being allowed to position his sign language interpreter ring-side, an accommodation which will promote safety during matches, and allow him to compete on a level-playing field with other wrestlers.

50. The requested accommodation is reasonable, as the interpreter is paid for by Plaintiff's school, it in no way hinders Defendant's operations, and it would not hinder the performance of other athletes.

51. In attempting to compel Defendant to grant the requested accommodation, Plaintiff was met with extreme resistance, was treated rudely, and with a fundamental lack of compassion or empathy for his situation.

52. Defendant has failed to demonstrate that the requested accommodation will burden it in any way.

53. Defendant's actions have caused irreparable harm, and an injunction ordering Defendant to allow Plaintiff to station his sign language interpreter ring-side during MHSAA sponsored events is necessary because Plaintiff does not have an adequate remedy at law.

### COUNT III

**VIOLATIONS OF TITLE V OF THE AMERICANS WITH DISABILITIES ACT.**

54. Plaintiff incorporates by reference all of the allegations set forth in paragraphs 1 through 53, inclusively.

55. Title V of the Americans with Disabilities Act states in relevant part that "It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account



NYMAN TURKISH pc
20700 Civic Center Dr.
Suite 115
Southfield, MI 48076
P: (248) 284-2480

of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter." 42 U.S.C. § 12203(b).

56. Plaintiff has fully informed Defendant, and its officials, of his disability and his reasons for requesting that his sign language interpreter be stationed ring-side during MHSAA sponsored events.

57. Defendant is aware that Plaintiff's school provides him with a sign language interpreter as a reasonable accommodation, as she is present at all wrestling matches.

58. Defendant has interfered with Plaintiff's rights under the ADA by inexplicably refusing to allow Plaintiff's interpreter, provided by the local school district in accordance with federal law, from being ring-side at MHSAA sponsored events.

59. Defendant has continuously ignored Plaintiff's cries for help, informing his parents that they need to worry about other children, not just their own.

60. Defendant has failed to demonstrate that granting the requested accommodation would have any negative impact on themselves, other wrestlers, or the general public.

61. By failing to grant the requested accommodation, Defendant has put Plaintiff at unreasonable risk for injury—directly as a result of his disability.

62. Furthermore, Defendant, through the actions of its "head referee," specifically targeted Plaintiff, going out of his way to ensure that under no circumstances would he be allowed to position his sign language interpreter ring-side, and in so doing further interfered with his federally protected rights under the ADA.

63. Defendant has also denied Plaintiff equal opportunity, by forcing him to wrestle without any communication with coaches, officials, or fans, and in so doing, they have



NT NYMAN TURKISH PC
20700 Civic Center Dr.
Suite 115
Southfield, MI 48076
P: (248) 284-2480

treated him as a second-class citizen, undermined his dignity, and violated his federally protected rights.

64. By targeting Plaintiff based on his disability, and refusing to allow him to position his sign language interpreter ring-side, an accommodation provided by Plaintiff's school, Defendant, has interfered with Plaintiff's ability to exercise his federally protected rights under the ADA.

65. By denying Plaintiff's reasonable accommodation request, without providing any compelling reason for doing so, Defendant has acted with discriminatory animus, forcing Plaintiff into a position where he faces serious injury. These decisions were made as a result of Plaintiff's disability.

66. Defendant's actions have caused irreparable harm, and an injunction ordering Defendant to allow Plaintiff to station his sign language interpreter ring-side during MHSAA sponsored events is necessary because Plaintiff does not have an adequate remedy at law.

## COUNT IV

### VIOLATIONS OF ARTICLE III OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT.

67. Plaintiff incorporates by reference all of the allegations set forth in paragraphs 1 through 66, inclusively.

68. The Michigan Persons with Disabilities Civil Rights Act provides that the "full and equal utilization of public accommodations, public services, and educational facilities without discrimination because of a disability is guaranteed by this act and is a civil right." Mich. Comp. Laws 37.1102(1).



NYMAN TURKISH pc
20700 Civic Center Dr.
Suite 115
Southfield, MI 48076
P: (248) 284-2480

69. Article III of PWDA provides that it shall be discriminatory to "deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation or <u>public service</u> because of a disability that is unrelated to the individual's ability to utilize and benefit from the goods, services, facilities, privileges, advantages, or accommodations or because of the use by an individual of adaptive devices or aids." Mich. Comp. Laws 37.1302(a) (emphasis added).

70. Plaintiff is a qualified individual with a disability for purposes of PWDA.

71. Under PWDA, public service includes "a public facility, department, agency, board, or commission owned, operated, or managed by or on behalf of this state or a subdivision of this state …" Mich. Comp. Laws 37.1301(b).

72. Defendant MHSAA is an organization, charged with overseeing interscholastic athletic competition, largely among Michigan's public schools.

73. Because Defendant acts as a *de facto* agency, managing sporting events and competitions on behalf of almost all of Michigan's public schools, it subject to Title III of PWDA.

74. Defendant has wrongfully denied Plaintiff's request for reasonable accommodation, and in so doing, has put him at unreasonable risk of serious injury, and has severely limited his ability to compete on equal footing with non-disabled wrestlers.

75. Plaintiff's disability is wholly unrelated to his ability to enjoy the benefits of Defendant's public service, considering the fact that such a minor accommodation would allow him to fully and adequately enjoy the benefits.



NYMAN TURKISH pc
20700 Civic Center Dr.
Suite 115
Southfield, MI 48076
P: (248) 284-2480

76. Defendant's actions have caused irreparable harm, and an injunction ordering Defendant to allow Plaintiff to station his sign language interpreter ring-side during MHSAA sponsored events is necessary because Plaintiff does not have an adequate remedy at law.

WHEREFORE, Plaintiff requests the relief set forth below.

## PRAYER FOR RELIEF

Plaintiff prays for the following relief:

77. A declaration that Defendant Michigan High School Athletic Association's conduct has unlawfully violated Plaintiff's rights under the Americans with Disabilities Act of 1990, Section 504 of the Rehabilitation Act of 1973, and the Michigan Persons with Disabilities Civil Rights Act.

78. An injunction ordering Defendant MHSAA to allow Plaintiff to position his sign language interpreter ring-side, in order to prevent Plaintiff from suffering serious injury, and to allow for equal and fair competition among his peers.

79. Although Plaintiff does not seek Attorney's fees and costs for the prosecution of this matter, Plaintiff specifically reserves the right to amend the Complaint at a later time to ask for fees and costs, if doing so becomes necessary to compel Defendant to comply with federal and state law.

80. Although Plaintiff does not seek damages at this time, Plaintiff specifically reserves the right to amend the Complaint at a later time to seek damages, if doing so becomes necessary to compel Defendant to comply with federal and state law.

81. All other relief that this Honorable Court deems just and proper.



NYMAN TURKISH PC
20700 Civic Center Dr.
Suite 115
Southfield, MI 48076
P: (248) 284-2480

                                            Respectfully Submitted,

                                            NYMAN TURKISH PC

                                            <u>/s/ Jason M. Turkish</u>
                                            Jason M. Turkish, Michigan Bar # P76310
                                            Ryan T. Kaiser, Michigan Bar # P79491
                                            20700 Civic Center Drive, Suite 115
                                            Southfield, MI 48076
                                            Phone: (248) 284-2480
                                            Fax: (248) 262-5024
                                            Jason.Turkish@NymanTurkish.com
                                            Ryan.Kaiser@NymanTurkish.com

                                            Melissa M. Nyman, California Bar #293207
                                            5800 Stanford Ranch Road, Suite 720
                                            Rocklin, CA 95765
                                            Phone: (916) 218-4340
                                            Fax: (916) 218-4341
                                            Melissa.Nyman@NymanTurkish.com

Dated: December 3, 2015                      *Attorneys for Plaintiff Ellis Kempf*

